# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KEVIN DAVIS,**

                **Plaintiff,**

**-vs-**                                                    **Case No. 6:09-cv-483-Orl-28GJK**

**LIGHTHOUSE HORIZONS, INC.,**

                **Defendant.**

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 9)** |
| **FILED:** | **June 15, 2009** |
| **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED**. | |

## I.    BACKGROUND

Plaintiff Kevin Davis ("Plaintiff") filed a complaint ("Complaint") against Defendant Lighthouse Horizons, Inc. ("Defendant") for unpaid and overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* Doc. No. 1.[1] Defendant is Florida corporation that operates and conducts business in Volusia County, Florida, among other areas. *Id.*, ¶ 3. On May 12, 2009, Defendant was served with a copy of the Summons and Complaint.

---
[1] Winslow Hall, who was also a named defendant in the Complaint, has since been terminated as a party to this action. *See* Doc. Nos. 10, 11.

Doc. No. 6. However, Defendant has failed to plead or otherwise defend the Complaint. On May 26, 2009, Clerk's Entry of Default was entered against Defendant. Doc. No. 8. On June 15, 2009, Plaintiff filed a Motion for Entry of Default Final Judgment (the "Motion"). Doc. No. 9.

Plaintiff was employed by Defendant as a production manager from February 4, 2008 through January 9, 2009. Doc. No. 9-2, ¶4. Defendant paid Plaintiff an hourly rate of twenty-four dollars and ninety five cents ($24.95). *Id.*, ¶5. During the time Defendant employed Plaintiff, Defendant did not pay Plaintiff over-time at one and one-half times his regular rate for hours worked. *Id.*, ¶6. Rather, Defendant only paid Plaintiff his regular rate of pay for his overtime hours worked. Plaintiff worked 5 hours of overtime each week and claims that Defendant owes him $4,990.00 in unpaid overtime compensation and liquidated damages. Doc. Nos. 9 at 6; 9-2 at ¶5.[2] The Court considered all of the evidence introduced by the Plaintiff. It is recommended that Plaintiff's Motion be granted.

## I. THE LAW

### A. Default Judgment

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55 (a) (emphasis added). Rule 55 (b)(2) further provides:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or an incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a

---

[2] 24.95 per hour / 2 (half-time) - $12.48 overtime rate x 5 overtime hours per week = $63.38 unpaid overtime per week x 40 weeks = $2,495.00 actual damages x 2 = $4,990.00 including liquidated damages

> jury trial–when, to enter or effectuate judgment , it needs to:
> A) conduct an accounting;
> B) determine the amount of damages;
> C) establish the truth of any allegation by evidence; or
> D) investigate any other matter.

*Id*. The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citing *Nishimatsu*, 515 F.2d at 1206). A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206).

### B. Attorneys Fees & Costs

Under 29 U.S.C. §216(b), employers who violate 29 U.S.C. §207 are liable to the employee affected in the amount of their unpaid overtime compensation, an equal amount of liquidated damages, reasonable attorney's fees, and costs of the action.

## II. ANALYSIS

Having fully considered the record, there is a sufficient basis in the pleadings for the judgment to be entered against the Defendant. Plaintiff confirmed by affidavit that during his employment by Defendant, he worked in excess of 40 hours a week and was never paid more than his regular hourly rate of twenty-four dollars and ninety-five cents ($24.95) an hour.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit that were rendered prior to October 1, 1981.

Specifically, Plaintiff worked 5 overtime hours each week for forty weeks. Doc. No. 9 at 6. Accordingly, Plaintiff is entitled to recover unpaid overtime compensation in the amount of $2,495.00, plus liquidated damages in the amount of $2,495.00. *See* 29 U.S.C. §216(b). The Court calculates the amount of unpaid overtime compensation by multiplying 200 hours (the number of overtime hours Plaintiff worked) by $12.48 (one and one-half times Plaintiff's hourly rate).

Pursuant to 29 U.S.C. §216(b), Plaintiff is also entitled to recover his costs. Plaintiff seeks to recover $400.00 in costs. Plaintiff is not seeking an award of attorney's fees.

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion (Doc. No. 9) against Defendant be **GRANTED**.

It is **FURTHER RECOMMENDED** that a final judgment be entered awarding Plaintiff $2,495.00 in unpaid overtime compensation, $2,495.00 in liquidated damages, and $400.00 in costs, for a total award of $5,390.00 in Plaintiff's favor and against Defendant.

It is **FURTHER ORDERED** that the Clerk of Court shall serve copies, by registered mail, of this Report and Recommendation and the Motion (Doc. No. 9) to: Lighthouse Horizons, Inc., 710 Glades Ct., Port Orange, Florida 32019.

Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 6.02 within ten days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 10, 2009.

Copies furnished to:
The Honorable John Antoon II
Counsel of Record
Unrepresented Party

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE